## Swotes v. Rechtman

*Jerome H. Ellis*, for plaintiffs.

*James J. McCabe, Jr.*, for defendants.

WEINROTT, J., March 4, 1969.—The issue before the court is the propriety of certain interrogatories addressed by plaintiffs to the five defendant physicians by way of pretrial discovery. Defendants object to answering on three grounds: 1. That all the questions are asked in bad faith; 2. that some are irrelevant; and 3. that certain of them require opinions as an expert witness. At the argument, plaintiffs withdrew several interrogatories, and defendants withdrew

their objections to several others, leaving 22 of them still in dispute. We therefore need consider only the latter.

The suit is one filed by a husband and wife in trespass against the five defendants for asserted malpractice in the treatment of wife plaintiff. The actual treatment appears to have been given by two defendants, Dr. Seymour M. Albert and Dr. Nathan Cohen, but the other three defendants are joined as having maintained offices in common and as having engaged in a joint enterprise (presumably what is known as group practice), as specialists in orthopedic surgery. The allegation of the complaint is that wife plaintiff consulted Dr. Albert on July 12, 1965, for a persistent pain in the leg, was examined by him and three days later, in his absence, by Dr. Cohen, and that all defendants were negligent in failing to advise her as to her actual ailment and to prescribe proper treatment for that ailment. Plaintiffs have taken oral depositions of Dr. Albert and Dr. Cohen, but seek further information apparently not elicited in those depositions.

Preliminarily, we find that neither of our Pennsylvania appellate courts has ruled on the principal question involved here: the right of a plaintiff in a malpractice suit to question a professional defendant before trial on matters involving expert opinion; and that the few lower court cases on the subject are in conflict. The question arises under Pennsylvania Rule of Civil Procedure 4011(f), which forbids discovery that "would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection".

That prohibition was not part of the original Rule 4011, adopted in 1950; it was added in March, 1962, and became effective April 2, 1962. Hence any scattering decisions rendered previously, we are told, should not be considered here.

We find three pertinent cases since 1962. In Borish v. Beck, 43 D. & C. 2d 172 (1967), cited to us by defendants, Judge D. Donald Jamieson, President Judge of Court No. 9 in Philadelphia, followed the strict wording of rule 4011(f), refused to distinguish between a malpractice suit and any other in which an expert was a witness, and sustained objections of a defendant physician to any questions requiring an expression of opinion. On the ground that decisions rendered before the 1962 effective date of rule 4011(f) were irrelevant, Judge Jamieson rejected the contrary holding of Decker v. Pohlidal, 22 D. & C. 2d 631 (Northampton County, 1960).

Partly confirmatory of Judge Jamieson's view is Tejchman v. Wagner, 42 D. & C. 2d 383 (Allegheny County, 1967), decided earlier the same year, and cited to us also by defendants. In that case Judge John J. McLean, Jr., ruled out several questions on the double ground that they called for expert opinion *"not directly related to the plaintiff"*, and a few others as being in a broad realm of expert opinion. We believe that case can be distinguished from our own. (Italics supplied.)

Finally, we have had cited to us by plaintiffs the contrary decision of Bucks County Judge Paul R. Beckert in McCart v. Strauss, 16 Bucks 570 (1967), The purpose of pretrial discovery, said Judge Beckert, is "to eliminate the cat and mouse game, i.e., the surprise aspect of trial". In a malpractice case, he said, the very expertise of defendant is in issue. "Fact and opinion are always intermingled", he continued, "and when dealing with this specific question it is even more difficult to separate fact and opinion when attempting to ascertain whether a defendant doctor departed from accepted standards in diagnosing and treating the plaintiff's condition": 16 Bucks, pp. 574-575.

The Decker case rejected by Judge Jamieson, which by coincidence involved also a specialist in orthopedics, applied similar reasoning. It is true that rule 4011(f) was not yet in effect; but its substance had already been promulgated by judicial decision. As far back as 1918 our State Supreme Court had declared that a litigant might not subpoena an expert and compel him to give an opinion; such testimony had to be arranged for by agreement and upon agreed payment: Pennsylvania Company v. Philadelphia, 262 Pa. 439, 441-42 (1918). "The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge", said the Supreme Court. "But the private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained".

That, we believe, is the true basis for rule 4011(f) : an expert cannot be compelled under subpoena to "give up the product of his brain"; he has to do it willingly, after a bargain has been struck. Even when he is himself a party to the suit, that principle applies.

But not without qualification. If one of defendants were to be asked for his opinion about a hypothetical shoulder blade case, he would be testifying as an *expert*. That he could not be forced to do. But if he is asked about his diagnosis and treatment of plaintiff herself for her leg or back trouble, the recognized practice in such cases, the propriety of his handling of her case, and similar matters, he is doing much more than giving a detached opinion on a hypothetical question. He is no longer merely a disinterested expert. He is himself the man charged with responsibility for plaintiff's injuries. He is stating facts of the closest relevance. His knowledge of the subject, his competence, the adequacy of his diagnosis and treatment compared

with the standard knowledge and practice in the area, are matters directly in issue. To permit him to take refuge behind the words of rule 4011(f) is entirely unjust and defeats the very purpose of the discovery process. We have the highest respect for Judge Jamieson; but we are impelled to construe the rule otherwise. We believe its intendment to be limited to the situation where a party (or a witness) is called strictly and solely as an expert, to give an opinion relating only indirectly to the basic issue, and not as a man charged with negligence, to testify to matters which because of their direct bearing upon that negligence charge leave the realm of opinion and enter that of fact.

We advert also to rule 126, relating to the construction of all the rules of civil procedure: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable".

That rule makes it proper to allow plaintiffs adequate latitude in propounding their questions in preparation for trial, rather than to restrict them by a narrow application of discovery rules.

Defendants are objecting also on the ground of irrelevancy to interrogatories 1, 2, 4, 5, 6, 23 and 24. We cannot say at this point that they are irrelevant, and we dismiss that objection. Finally, defendants charge that all plaintiffs' interrogatories are propounded "in bad faith". Husband plaintiff is himself a member of the Philadelphia bar of high repute. We see not the slightest indication of bad faith, and indeed we are surprised that such a charge emanates from a law firm of the standing of defendants' counsel. We dismiss that objection out of hand.

Pursuant to our discussion, we find all the disputed interrogatories permissible, and we enter the following:

288

And now, to wit, March 4, 1969, upon consideration of defendants' objections to designated interrogatories filed by plaintiffs for pretrial discovery, it appearing that plaintiffs have withdrawn those numbered 31, 32, 33, 34 and 35, and that defendants no longer object to those numbered 3, 9, 10, 19, 20, 21, 28 and 30, the court hereby dismisses all the objections, and orders defendants to file within 20 days their answers, with supplemental answers if additional information should develop before trial, to interrogatories numbered from 1 to 30 inclusive.